NOT FOR PUBLICATION (Doc. No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| William T. ZAVALYDRIGA,<br><br>                     Plaintiff,<br><br>     v.<br><br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                     Defendant. | Civil No. 15-4192 (RBK)<br><br>**Opinion** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the appeal of William Zavalydriga ("Plaintiff") for review of the final determination of the Commissioner of Social Security ("Commissioner"). The Commissioner denied his application for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act and for Supplementary Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is **VACATED** and the Court will remand this matter to the Administrative Law Judge ("ALJ") for further proceedings consistent with this Opinion.

I.  BACKGROUND

Plaintiff filed a claim for SSDI benefits on June 1, 2012 and SSI benefits on December 17, 2012 for the alleged physical ailments detailed below. R. at 20. Plaintiff's alleged disability began October 20, 2011. *Id.* Plaintiff's claims were initially denied on November 8, 2012, after which he requested a hearing before an ALJ that was held on July 29, 2014. *Id.* The ALJ denied

1

Plaintiff's claims on December 1, 2014. *Id.* at 33. Subsequently on May 3, 2016, Plaintiff filed the present Complaint appealing the decision denying his claims (Doc. No. 1).

### A.      Plaintiff's Alleged Impairments

For background purposes, a brief medical history of Plaintiff's ailments follows. Plaintiff allegedly suffers from herniated cervical and lumbar discs with radiculopathy; numbness and tingling in both hands and the left leg; back and neck pain; difficulty sleeping; poor attention and concentration; difficulty sitting, standing, and walking; poor grip/grasp ability; decreased strength, and limited range of motion. *Id.* at 27. His problems began after motor vehicle accidents. Pl.'s Br. 7. Plaintiff's alleged onset date is October 20, 2011. R. at 20. In November 7, 2011, he saw Dr. Andrew Glass and reported progressively worsening back pain. *Id.* at 5. Plaintiff had been unable to work for more than two months at that point. *Id.* On September 18, 2012, Dr. Ronald Bagner performed a consultative evaluation and observed that Plaintiff ambulates with antalgic gait, moderate difficulty getting on and off the examining table, diminished lumbar flexion and extension, and pain with straight leg raising to 50 degrees bilaterally. *Id.* at 7. His impression was lumbar radiculopathy, cervical radiculopathy, status postop left L4-L5 microdiskectomy, and tight L5-S1 microdiskectomy. *Id.* On December 2012, Plaintiff saw Dr. Richard Mingione, who reported that Plaintiff has cervical and lumbar radiculopathies with herniated discus, could not work, and had limitations standing, walking, climbing, stooping, bending, and lifting. Def.'s Opp'n Br. 5. In the same month, state agency physician Dr. Nikolaos Galakos opined Plaintiff was limited to standing and walking for 5 hours, among other findings. Pl.'s Br. 8.

On February 25, 2014, Plaintiff returned to Dr. Bagner, who made the same conclusions as the September 2012 visit, with the exception of also observing patchy decreased sensation in

distal left lower extremity and left knee tenderness. *Id.* at 7. On August 2014, Dr. Stephen Soloway, a rheumatologist, concluded that Plaintiff had an abnormal gait for normal station and posture, limited cervical spine range of motion, normal motor and sensation in his upper extremities, and no extremity cyanosis, clubbing, or edema. Def.'s Br. 8. The doctor prescribed him medication and ordered MRIs, which revealed a possible L5-S1 disc herniation, and C5-6 and C6-7 disk herniations with resultant cord impingement and possible nerve root impingement. Pl.'s Br. 9. Upon Plaintiff's return in September 2014, Dr. Soloway made the same observations as before. *Id.* In addition, Plaintiff reported the medications had not relieved his neck, arm, back, and leg pain. *Id.* Because records from the visits to Dr. Soloway were submitted after the record had closed, they were not considered in the ALJ decision. *Id.* at 22.

      **B.**     **The ALJ's Decision**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step evaluation process to determine if Plaintiff was disabled. *See* 20 C.F.R. § 404.1520. For the first four steps of the evaluation process, the claimant has the burden of establishing her disability by a preponderance of the evidence. *Ziransak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the claimant must show that he was not engaged in "substantial gainful activity" for the relevant time period. *See* 20 C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that he has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (explaining second step); 20 C.F.R. § 404.1509 (setting forth the duration requirement). Third,

3

either the claimant shows that his condition was one of the Commissioner's listed impairments, and therefore he is disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii) (explaining the third step); *see also* 20 C.F.R. Pt. 404, Subpt. P., App. 1. Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that he cannot perform her past work, and the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv) (explaining the fourth step); 20 C.F.R. § 404.1520(e) (same). If the claimant meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists that the claimant is capable of performing based on his RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520 (a)(4)(v) (explaining the fifth step). If the claimant can make "an adjustment to other work," he is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period of October 20, 2011 through December 1, 2014. R. at 22. At step two, the ALJ found that Plaintiff had severe impairments, which were lumbar and cervical radiculopathy, status post lumbar discectomies, cervical herniated nucleus pulposus status post motor vehicle accident, and obesity. *Id.* at 22. At step three, the ALJ noted that Plaintiff did not suffer from one of the listed impairments that would render him automatically disabled. *Id.* at 25. At step four, the ALJ found that Plaintiff's impairments were not equivalent to any listed impairment, and that although he could no longer perform any past relevant work, he had the RFC to perform "light work" with a few limitations.[1] *Id.* at 26. At step five, the ALJ found that

---

[1] The ALJ found that Plaintiff had the "RFC to perform light work; except [Mr. Zavalydriga] can stand and walk up to 6 hours per day, but no more than 1 hour at a time, and then would need to sit or shift positions every hour for 4-5 minutes while remaining on task. He can never climb

4

there were many jobs in the national economy that Plaintiff was qualified to perform based on his RFC, age, education, and work experience. *Id.* at 31–32. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. *Id.* at 33.

## II.  STANDARD OF REVIEW

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative record as a whole. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). The often-used quotation for the standard is that substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 927 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created

---

ladders, ropes or scaffolds. He can occasionally stoop. He can occasionally climb ramps or stairs. He can occasionally reach overhead. He is limited to low stress work, defined as routine work with no fast production rate pace or strict production quotes. He would be off task 5% of the workday in addition to normal breaks." R. at 26.

5

by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III. DISCUSSION

The ALJ determined that Plaintiff was not disabled within the meaning of §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff presents five arguments on appeal of the Commissioner's final decision: first, that the ALJ's RFC determination that Plaintiff can perform light work and stand and walk for 6 hours is not supported by substantial evidence; second, that the ALJ failed to properly evaluate Plaintiff's subjective complaints of severe pain; third, that the ALJ's rejection of the testimony of Plaintiff's sister is not supported by substantial evidence; fourth, that the ALJ improperly determined there is other work in the national economy that Plaintiff can perform, and fifth, that the evidence submitted after the record had closed warrants remand. The Court addresses each argument in turn.

### A. RFC Determination

The determination of a claimant's disability is reserved for the ALJ. 20 C.F.R. § 404.1527(d)(1). However, the ALJ is responsible for "evaluat[ing] all relevant evidence and to explain the basis for his or her conclusions." *Fargnoli*, 247 F.3d at 42. If evidence is rejected, "an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 711 (3d Cir. 1981). The explanation need not be comprehensive; "in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).

In Plaintiff's case, the ALJ made the RFC determination that Plaintiff can perform light work and stand and walk up to 6 hours per day, for no more than 1 hour at a time. R. at 26. Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The decision notes that Dr. Bagner concluded Plaintiff could occasionally lift 50 pounds and frequently 20 pounds, while state agency medical consultants found Plaintiff could occasionally lift between 10 to 20 pounds and 20 to 50 pounds. R. at 30, 127, 138. Such findings satisfy the Social Security Administration's definition of light work. Plaintiff argues that the state agency examiners reported that Plaintiff was limited to sedentary work. *Id.* at 131, 142. As the decision notes, however, the examiners' more specific findings were that Plaintiff could lift at least 10 pounds. Given that such findings satisfy the Social Security Administration's definition of light work, the Court finds that this portion of the ALJ's RFC determination is supported by substantial evidence.

The ALJ supports the conclusion that Plaintiff can stand and walk up to 6 hours a day by discussing testimony by Plaintiff and his sister; Function Reports; medical evidence of record including Plaintiff's history of treatment, MRI results; consultative examinations; and opinion evidence. The various sources of evidence state that Plaintiff can stand for 30 minutes to an hour, *id.* at 27 (Plaintiff's testimony), walk for 15 to 20 minutes, *id.* at 31 (Plaintiff's letter), and stand or walk for 3 hours, *id.* at 30 (Dr. Bagner's medical source statement), and stand and walk for 4 hours, *id.* (state agency medical consultants' findings). It is the province of the ALJ to assign weight to medical opinions of record, and the ALJ here did explain why she assigned little weight to the opinions of Drs. Bagner, Glass, and Mingione. However, nowhere does the ALJ explain the basis for determining that Plaintiff can stand and walk up to 6 hours per day. Indeed, the decision does not reference any evidence that supports that determination; the evidence that

7

is cited state that Plaintiff can stand or walk for at most 4 hours out of an 8-day workday. Even under the deferential standard of substantial evidence, the ALJ must provide some explanation for her determinations. In light of the paucity of support for a finding that Plaintiff can stand and walk up to 6 hours a day, the Court cannot find that substantial evidence supports that portion of the ALJ's RFC determination.

### B. Evaluation of Plaintiff's Subjective Complaints of Severe Pain

Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's testimony regarding his pain. A person's complaints should be given "great weight and may not be disregarded unless there exists contrary medical evidence." *Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993) (citations and internal quotations omitted). Based on 20 C.F.R. § 416.929(c), the ALJ set forth several factors that she considered when evaluating Plaintiff's subjective complaints: (1) the claimant's daily activities; (2) the location duration, frequency, and intensity of the claimant's pain; (3) factors the precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication; (5) treatment, other than medication claimant receives; (6) any measures other than treatment the claimant uses; and (7) any other factors concerning the claimant's functional limitations due to pain. R. at 26–27. The ALJ ultimately concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible.

Substantial evidence supported the ALJ's decision to accord little weight to Plaintiff's subjective complaints of severe pain. The ALJ found that the medical evidence of record did not substantiate Plaintiff's allegations that he could stand and walk for only 15 to 20 minutes at a time and needed breaks while performing activities. The decision explained that Dr. Bagner's findings were too limited to support the severity of Plaintiff's allegations and noted that agency

medical consultants found Plaintiff could stand or walk for 4 hours in an 8-hour workday. *Id.* at 30. Plaintiff's daily activities also contradicted his testimony: he lived independently with occasional visits from his sister, was independent in self-care and household tasks, spent time on the computer for 1 to 2 hours, and could leave the house to play poker on Fridays. *Id.* at 31. Such reasoning is sufficient for a reasonable mind to find that Plaintiff's testimony is not entirely credible.

The ALJ also noted that there was a general lack of treating evidence to corroborate Plaintiff's testimony, including the lack of primary care visits, orthopedic or pain management treatment, and use of medications. *Id.* at 28–29, 31. SSR 96-7p states that the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." SSR 96-7p, 1996 WL 374186 (July 2, 1996) (superseded by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016)). Here, the decision acknowledged that Plaintiff could not afford medical treatment due to his lack of insurance. R. at 28, 30. The ALJ, however, is nevertheless bound by the record and cannot invent medical evidence to support Plaintiff's allegations where such evidence does not exist. In light of the medical evidence of record that contradicts Plaintiff's testimony and lack of evidence in its support, the Court finds that the ALJ conducted a proper assessment of Plaintiff's subjective complaints of severe pain.

### C. Evaluation of Testimony from Plaintiff's Sister

Plaintiff also argues that the ALJ improperly concluded that testimony from Mary Margaret Bower, Plaintiff's sister, was not credible. The ALJ evaluates evidence from non-medical sources who have not seen the individual in a professional capacity based on "the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any

other factors that tend to support or refute the evidence." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). The decision should generally explain the weight given to opinions from other sources or "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Id.* In the instant case, the ALJ reviewed the testimony and Function Report provided by Ms. Bower and noted that her statements contradicted that of Plaintiff's. R. at 28. While Ms. Bower testified Plaintiff was terminated from his previous job for calling out with back pain, Plaintiff alleged he was laid off for not getting along with an employer. *Id.* at 27–28. The decision does not evaluate the remainder of Ms. Bower's statements or explain the weight assigned to the testimony overall. Defendant's Opposition Brief also fails to point to any part of the decision that assesses her submissions. *See* Def.'s Opp'n Br. 15–18. Although SSR 06-03p does not require a detailed explanation, it does necessitate some general explanation of the weight accorded to non-medical sources. Because the decision here does not provide that explanation with regard to Ms. Bower's statements, the Court vacates the ALJ's evaluation of her testimony and remands to the ALJ for further consideration.

### D.  Determination There Was Other Work Plaintiff Could Perform

Plaintiff contends that the ALJ improperly relied on the Vocation Expert's ("VE") testimony to meet her burden of showing that "work exists in significant numbers in the national economy that [Plaintiff] can do." *Zirnsak*, 777 F.3d at 612 (citing 20 C.F.R. § 404.1560). Hypothetical questions posed to a VE "must accurately convey . . . all of a claimant's credibly established limitations as determined in the RFC." *Diaz v. Comm'r of Soc. Sec.*, 440 F. App'x 70, 72 (3d Cir. 2011) (quoting *Rutherford*, 399 F.3d at 544) (internal quotations omitted). In this matter, the ALJ asked the VE to assess the number of jobs for an individual who could stand and

10

walk up to 6 hours per day, no more than 1 hour at a time. R. at 90. As discussed above, the ALJ's RFC determination that Plaintiff could stand and walk 6 hours per day is not supported by substantial evidence. Thus, the Court must also vacate the ALJ's finding that there does exist jobs in the national economy that Plaintiff can perform and remand for further consideration.

### E. New Evidence Submitted to Appeals Council

Plaintiff also claims that he has submitted new evidence that warrants remand under sentence six of 42 U.S.C. § 405(g). For the court to remand a case to the Commissioner, the new evidence presented must be: (1) "new and not merely cumulative of what is already in the record"; (2) material; and (3) not incorporated in the administrative record for good cause. *Szuback v. Sec'y of Health & Human Serv's*, 745 F.2d 831, 833 (3d Cir. 1984). The good cause requirement exemplifies the principle that "claimants should generally be afforded only one fair opportunity to demonstrate eligibility for benefits under any one set of circumstances." *Id.* at 834. If the Court "were to order remand for each item of new and material evidence, [it] would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand." *Matthews v. Apfel*, 239 F.3d 589, 595 (3d Cir. 2001).

Here, Plaintiff has failed to demonstrate that there is good cause justifying the delay in presenting records from visits with Dr. Soloway. During the July 29, 2014 hearing, Plaintiff's attorney requested to keep the record open for thirty days to allow Plaintiff to see Dr. Soloway. R. at 43. The ALJ allowed two weeks and told Plaintiff's counsel to let her know if additional time was needed. *Id.* Plaintiff never requested additional time, even though Plaintiff's visit with Dr. Soloway was scheduled for a date after the two-week deadline. Def.'s Opp'n Br. 20 n.5. Plaintiff thus had the opportunity to request more time to keep the record open, but failed to do so. Such failure on the Plaintiff's part cannot support a showing of good cause. Because Plaintiff

cannot show the third element to satisfy sentence six of § 405(g), the Court will not proceed to address the other two components and declines to remand the case based on new evidence.

### IV. CONCLUSION

For the reasons discussed above, the decision of the Commissioner is **VACATED** and the Court will remand this matter to the ALJ for further proceedings consistent with this Opinion.


Dated:   11/15/2016                                        s/ Robert B. Kugler

                                                                                         ROBERT B. KUGLER

                                                                                         United State District Judge